May it please the Court, good morning, Your Honors. My name is Effie James. I'm from the law firm of Baumroff & Lomarzell, and I represent the plaintiff in this case, Jeffrey Cox. The was involved in his work accident on July 27, 2006, and it's, of course, our contention that he was. Now, the Court has naturally looked at the treatise of Professor Larson in the past in deciding these types of issues, and we ask that you look at Professor Larson's work and analysis in deciding that the plaintiff in this case was, in fact, a traveling employee. Now, the traveling employee has been defined by Larson as an employee whose work takes him away from the employer's premises. Now, I'm not going to belabor the facts in this case, because I think you all have it from both sides, very well stated in both briefs. The facts are not in dispute in this case. It's known that the plaintiff in this case was a foreman for Berger Excavating, that he was given a tool truck by his employer to drive to and from work, that the work sites that he had to go to, these job sites, were away from his employer's premises, that during and throughout the day, he supervised a crew and was responsible for providing supplies and materials for that crew to complete their jobs, again, allowing the plaintiff to travel away from those job sites to get supplies and materials that were necessary. So this, ostensibly the employer, for its own benefit, provides him with the means of as you know, the whole crux of this case is this deviation, this alleged deviation from going to and from home. He goes to a bank, okay? That's not directly going home. So the issue is, why did he go to the bank, and how does that not take it out of the ambit of the traveling employee? Well, the traveling employee law is clear, and Larson has addressed this very thoroughly. And the standard is whether this deviation, as you call it, was reasonable and foreseeable. That's the standard that we have to look at under the traveling employee law. And there's a myriad of cases out there that state that a slight deviation doesn't matter under the traveling employee law. It's okay. Because it's expected that things like this would happen. Now, it's important to note that when the plaintiff was going home, on his way home, he did stop at this bank. But this bank was 350 feet off of Route 12, Route 12 being his direct route home. 350 feet to go into a bank parking lot, you know, to withdraw money, whether it be for his own purpose, whether it be for his employer's purpose, whether it be for both purposes, doesn't matter. Is it foreseeable that this individual, on his way home, would stop at a bank? Okay. Was he on his way home when the accident occurred? Is there any evidence that he was not on the route he would normally take to get home? I don't believe so. And in reading counsel's reply brief in this case, I think it was a little bit misleading. Because there was testimony, and it's in the transcripts from the plaintiff, that he was, after turning back out of the bank parking lot, that he was in the intersection and had made it back on to Route 12. I think that was glossed over in the reply brief in this case. But there was a question and answer, and I've covered it in my brief for your honors to review, that indicate that he was back on Route 12. And even if he had not been on back route, does it really matter? Because, again, it's whether or not Well, it would matter if he's not going home. If he's going off at some other area and he wants to go shopping at the mall, I think clearly it wouldn't matter, wouldn't it? It might. But in this case, and there is no disputing the fact that he was on his way home. There's no indication that there was any other stops being made. He was going to the bank, and then he was going home to retrieve his own car, because he had somewhere to be. So there's no contrary evidence, you're saying, in the record that he was not heading home when he left the bank? That's correct. So you're saying, boiling it down, it's a simple case. A traveling employee, okay, so he made the slight, I'll call it the deviation, to the bank. You're saying it's foreseeable in the course of the day, somebody coming home with a company truck might stop off at the bank for a few minutes and then go on their way home? That's correct. Okay. The arbitrator seemed to be overly impressed by the fact that, although he may have been on Route 12, he had not yet gone into the northbound lane, which would have been the way home. Well, our Is there any relevance? Again, under the traveling employee law, I would say no. There is no relevance to that. Because there have been cases and circumstances where an individual is completely off their route, but as long as the stop that was made is reasonable and foreseeable, the Court has found that that's okay. Again, reasonable and foreseeable being the standard. So you're saying there's no limits to the traveling employee back to when somebody's gone to and from work? As long as they end up going home, they can do whatever they want for hours? No. I think we have to look at whether the conduct, again, is reasonable and foreseeable. Had he gone, you know, 40 miles away to go visit a friend before going home, that may be a different situation, because that's not a reasonable and foreseeable circumstance. But in this case What evidence is there that that's reasonable and foreseeable? Or do we just kind of put our fingers up in the air and see which way the wind blows? Well, I think that's for your honors, obviously, to determine, because this case is very fact specific. Why does it make any difference? Why does it make any difference? Why does it make any difference whether it was reasonable or foreseeable that he would go to the bank? Because that's What was he doing when he got in the accident? Was he going to the bank? He was leaving the bank. Where was he going? He was going home. Home. In a company-provided truck. Okay. Again, and I would note, in him riding in this truck, you know, this truck is a marked truck with the signage of the company on it. So there is some benefit to the employee, to this petitioner, driving the truck to and from home. But the arbitrator didn't believe him when he said he was going to the bank to get money to buy a cooler. That is an issue I'd like to address. But again, if you're going to look at the Traveling Employee Law, which I think is ignored by the defendant in this case, the Traveling Employee Law says the standard is reasonable and foreseeable. It doesn't matter what the purpose of him going to the bank was, whether it was a purpose of both retrieving money for himself for personal use or whether it was just retrieving money to buy a cooler. Keep in mind, it was a very hot time of the year. It was so hot that the defendant in this case had provided electrolyte drinks for the crews to have. But as he was working during the day with the crews, there was nowhere to put these drinks. So he did want to retrieve money from the bank to go buy a cooler. Well, there's some evidence that he said, I owe the carpenters. I'm getting money for the, that's what he said. And we're not going to I'm getting money for the carpenters. I owe them $4,300. Records show he withdrew $4,200. Come on, he's killing the lily here. Well, and I believe So let's look back at, is it reasonable and foreseeable that he would turn off a route and turn back on? Because that's the mechanism of the accident, isn't it? He got hit when he went back on route? Yes. Okay. Yes. So that's really what we're talking about. Is it reasonable and foreseeable that as you're driving your truck down the road, you might turn off the road and get back on the road? That's correct. And you're saying that is? And I believe that it is. And in looking at Larson and the case law in this matter with regard to the traveling employee law, there are plenty of other cases that have found under more egregious deviations, as you would call it, a finding of compensability. Now, I do want to address a little bit of the argument regarding credibility. Because there are, in this situation, if you But he stopped and went for a few pops before, okay? Well, I mean, you know, I'm going home to pick up my car. What, is he going to the doctor? He was going to a doctor. That's correct. And he was given I'm going home. I'm going to pick up my car. I'm going to go to the doctor. And he was given permission to go to the doctor. Now, there was There's no question about that. But my question is, what if he just saw, hey, you know, a little bracer before I go see the doctor? Well, that's a At 10 o'clock in the morning? Probably. Good idea. Well, that's addressed by one of the witnesses that was called by the defendant in this case, Dale. And if you look at Dale Berger's testimony, it's very clear that there had been a prior instance where he or another individual working for the company had done just that, and the truck that they had been in with the company's name on it was found parked at a bar. And he was disciplined and reprimanded for that. It's interesting that that never happened in this situation. The plaintiff was never reprimanded by the employer for going to the bank. There was never any disciplinary action. You know, all we had were glowing reviews. And going back to the credibility issue now, it was glowing reviews as to his trustworthiness and his honesty as an individual who was Credibility was for the commission to decide. His story that he was going to the bank to buy stuff for the crew was a little hokey. So they didn't believe him. So what? I would What difference does it make? The question ought to be, what was he doing at the time of his injury? He was going home. That should be the end of your argument. Period. And I agree with you, but I mean, you know Thank you. And I thank you for your time. I would just ask that you reverse the findings of the commission. Thank you. Counsel, please. May it please the Court, Counsel. My name is Jason Snellock, and I represent the employer Berger Excavating Contractors in this matter. Why is that the crux of the case? Just what Justice Hoffman required. I'm sorry, what was that? Why is that the crux of the case? How are you going to answer that? The crux of the case, the way I see it, is that Jeffrey Cox was not a traveling employee. What he was, is he's a construction foreman who drives a work truck from his residence to the job site, then at the end of the work day, from the job site, back home. Mr. Cox was not paid for travel. There is no indication within the record that Mr. Cox was asked to travel to any unfamiliar locations or outside of state. Wait a minute. Did the employer pay for the gas that he used to go to and from home? They did. They did. I want to get this straight. A construction worker whose employer provides him with a vehicle to haul the employer's equipment around the various job sites, wherever they may be, but certainly not at the employer's premises, is not a traveling employee? Absolutely not. What's your best case for that? There's no case cited by the plaintiff to support that simply an individual who drives a company vehicle is a traveling employee. Who said he simply drives a company vehicle? This isn't a guy that works in an office and gets a car to drive back and forth to the office. This is a guy that doesn't work at the employer's premises. He works at various job sites all over the place, and he's hauling the employer's equipment. And he gets that car to go back and forth. And you contend he's not a traveling employee? Absolutely. That's not your strongest argument. One hundred percent. I think you'd better get another one. Counsel, let me quote to you the case of Jensen v. The Industrial Commission, 305 Illinois Appellate 3rd, 274, in which the court specifically held a traveling employee is one who was required to travel away from his employer's premises in order to perform his job. This guy is not required to go to job sites. He's only going to and from the employer's office? No. You're not arguing that, are you? No, I'm not. I'm arguing he travels from the residence to the job site. And so under that definition, isn't he one who is traveling away from his employer's premises to perform his job? Isn't that what he's doing? Yes. I'm not saying that he wasn't traveling that day. He was an employee who was traveling. He's not this idea of a traveling employee, which goes along with it, this wide-sweeping, reasonable and foreseeable standard. What you're saying is that, okay, he's a foreman supervising workers, laborers. Correct. And none of the laborers on the job site, even though they're far from the home base, would be allowed to receive compensation going to and from the job site, right? Is that what you're saying? They would. And that is just like them? They would if they did not deviate from the route. Really? Yes. That's interesting. So you're trying to have this overarching, playing this overarching trump card. You're saying, who cares about whether it's a deviation? Let's not get hung up. The guy could have been doing anything. He's not a traveling employee in the first place. Ergo, he gets nothing. Absolutely. And it's not, that's not only my argument. That was the specific ruling at the arbitration commission and circuit court level. It was absolutely not the ruling. The ruling was by the arbitrator that he would have given him compensation if he'd been in the northbound lane on his way home. Judge. Would you like me to read it to you? No, Judge. Actually, if you point, I can point it to the arbitrator's decision in which he states, I'm just saying the arbitrator specifically states Mr. Cox was not a traveling employee. That sentence is his decision. Because he had, at the time of the accident, because he had deviated from the route home. That was the arbitrator's decision. He contended he wasn't a traveling employee because he was on a deviation. The arbitrator does not apply the reasonable and foreseeable standard because Mr. Cox was not a traveling employee. You and I are reading a different decision, then, I guess. Now, again, it's no surprise that counsel would be arguing here today that he is a traveling employee, because like I just said, like I just stated, the standard for a traveling employee is this reasonable and foreseeable standard. The correct standard which should be applied and which was applied by the arbitrator after he discounted that Mr. Cox was a traveling employee is if the claimant deviates from the employment by engaging in a detour, the employer is not liable until the claimant reenters the scope of employment. That's what we have here. But your argument is he's not a traveling employee to begin with. Exactly. So quite a phrase. You're all in on the traveling employee theory. Absolutely not. You're not? No. You just said the whole case revolves around he's not a traveling employee, so why do you need to make a further argument? Because there's this issue of we acknowledge that there's a case, Becker v. Industrial Commission, that states when the employer provides the means of transportation to and from work to the employee, the standard is or that expands in the course of an arising out of element. However, that leads into the standard that I just stated. The cases go on to state that is the case unless they deviate from that route. If they do, they are not then back in the course of until they return from that deviation.  That's what we have here. I would go to a bank, an unforeseeable deviation. Sometimes we have to put all of these things, in my humble opinion, in the real world. Somebody's coming home at the end of the day from work and they want to go to the bank. Do they have to go home first, park the car, and then drive 10 miles back to the bank for fear of being charged with a deviation? Is that what you're suggesting people should do? No. No, I'm not. But the fact of the matter is, under the case law, the fact that he stopped on a bank, at a bank. On the way home. On the way home. Takes him out of the course of his employment until he reenters the route. The case law is crystal clear on that issue. It is. It is. Okay. So let's buy into your argument here. Okay. Why is it that he didn't reenter the route, bringing him back in the course of? Okay. So we're taking this Becker case. Employer's a nice person. And hey, I'm giving you all cards. You know, my brother-in-law sells cards. So you can go to the job site. You can come back. And now you're in the course of as long as you're going to and from work. Right? Yes. As long as you don't take yourself out. Correct. And let's say that that took him out. You're saying he can get back in the course of employment. Once before he gets home, right? Correct. Okay. What is it he didn't do? He never fully reentered route 12. No, that's not true. It is, Judge. You want me to read it to you? Sure. Let's get straight what he said. Had the petitioner actually returned to the northbound lane of route 12 when the accident occurred, the arbitrator would decide differently. That's correct. Now, come on. That's correct, Judge. The accident occurred on route 12. Everybody knows it occurred on route 12. He just hadn't turned north, which would have been the route home. But I asked the question before. Where was he going when he left the bank? All indications that he was going home. Okay. But he had not completed his turn. But think about it at this slender where you're hanging. So he's leaving the bank. He's making a left turn on route 12. Somebody hits him in the parking lot. He's in the process of making the turn. Under your argument is, look, he hadn't physically, his bumper hadn't got to route 12. He loses, right? Absolutely. That is not only my argument. The arbitrator in his decision astutely pointed out that the course is in the course of, not in the process of returning to the course of, or almost in the course of. Those are his exact words. Yeah. So let's say, okay, so he's making the left turn and he gets clipped by a southbound vehicle. Am I correct? That blows through a stop sign. Correct. He's in the process of turning and a car does not stop. He's in the process of turning into the northbound lane. He doesn't get fully there. He's probably, hey, let's say the first quarter of his car length is in the southbound. He's clipped, okay? Yes. I guess you would say if he decided as he was going north home and he decided to pass the car, he's in the southbound lane. But that's foreseeable that he might pass the car, right? So if he gets, you know. That's the danger. And that's, I think, an argument for another case, the whole reason for a seeable standard. It does not apply in this case. I think that's a dangerous precedent. I do want to address really quickly his argument that he stopped at a bank to withdraw money for a cooler. I don't believe that. The arbitrator didn't believe it. It was hokey to start with and it doesn't make any difference. I couldn't have said it any better myself. So we would argue that there is sufficient factual evidence within the record to support the court's findings. Therefore, the findings are not against the manifest weight and the decision should be affirmed. Roberta, please. Just very, very briefly. This, again, is not an individual who was given a car to go from home to an office environment. This was an individual who went from home to the office, to the job sites, to various suppliers, back to the office, and then back home. So this is a traveling employee and that's the standard that we most look at when deciding this case. And it's the reasonable and foreseeability standard. And there was one quote from Larson that I thought was very interesting and that is that courts now generally recognize that human beings do not run on tracks like trolley cars. And that's exactly what we have in this case. This is an individual who left work at the end of the day, stopped by a bank that was 350 feet off of his route home to go back home. So I think clearly we are dealing with a traveling employee here. And then the standard, the reasonable and foreseeable standard is the standard that must be applied. Well, you should be, let's say the accident occurred when he was rear-ended as he was going through the drive-through at the bank. That wouldn't change? It would not under the reasonable and foreseeable standard because it is reasonable and foreseeable that on the way home this individual would stop at the bank. So, again, I would ask that you reverse the finding of the commission based on the traveling employee law that has been established in the state of Illinois. Thank you. Thank you, Counsel. The court will take the matter under Friday's decision.